UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS GARNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:03CV573 CDP |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on the petition of Travis Garner for a writ of habeas corpus under 28 U.S.C. § 2254. I referred this matter to United States Magistrate Thomas C. Mummert, III for a report and recommendation on all dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1). On April 21, 2006, Judge Mummert filed his recommendation that the petition of Mr. Garner for a writ of habeas corpus be denied. After I granted him an extension of time, petitioner filed his objections to Judge Mummert's report and recommendation on May 26, 2006.

I have conducted de novo review of all issues in this case, and have reviewed the record, evidence, and all arguments raised by the parties. After careful consideration, I will adopt and sustain the thorough reasoning of Judge Mummert set forth in support of his Report and Recommendation of April 21, 2006.

Petitioner's objections do not raise any new issues not considered in full by the Magistrate Judge. In terms of the sufficiency of the evidence, petitioner fails to show that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The admitted hearsay statements were within an exception or were not offered for the truth of the matter asserted. Petitioner has not shown any prejudice to support his claims regarding statements made by the prosecutor in closing arguments, ineffective assistance of trial counsel, and improper inclusion of certain testimony of prior bad acts.

In his objections, petitioner asserts that the Magistrate Judge misconstrued his argument concerning the admission of prior inconsistent statements by witnesses Carson and Miller. He states that he was not raising a confrontation clause issue but was arguing that Detective Vitt fabricated the admitted statements. Because both Carson and Miller actually testified at trial and were available for cross-examination, the confrontation clause was not implicated by Vitt's recitation of their prior inconsistent statement. Petitioner's citation in his traverse to "Douglas v. Alabama, 85 S.Ct. 1074 (1965)," and his description of the Supreme Court's justification for the result of that case as "the defendant's constitutional rights of cross-examination and confrontation," suggests that he was indeed making a confrontation clause argument. Despite this, petitioner now states that his argument

2

has been misunderstood.

To the extent that petitioner was arguing that Detective Vitt fabricated this testimony, that argument was addressed by the state appellate court, as quoted by the Magistrate Judge in his Report and Recommendation. The state court explained that the admissibility of unrecorded out-of-court statements does not require a determination of circumstantial veracity and that determinations of witness credibility are questions for the jury. The veracity of Detective Vitt's testimony was decided by the jury and will not be overturned. This claim is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge [# 17] is adopted in its entirety, and the petition of Travis Garner for a writ of habeas corpus [#4] is DENIED.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued, as none of the grounds raised present issues on which reasonable jurists could differ.

A separate judgment will be entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2006.